# Commonwealth ex rel., Appellant, *v.* North Shore Railroad Company.

*Receivers—Corporations—Appointment — Hostile interest — Removal.*

The receiver of a railroad company was properly removed on petition of creditors of the company where it appeared that he was interested in another railroad with which the former company was engaged in litigation.

Argued May 15, 1917.   Appeal, No. 95, Oct. T., 1917, by plaintiff, from decree of C. P. Lawrence Co., March T., 1912, No. 11, from order vacating appointment of receiver in case of Commonwealth of Pennsylvania ex rel. Attorney General v. North Shore Railroad Company. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ.   Affirmed.

Petition to vacate appointment of receiver.

From the record it appeared that Henry Cook had been appointed receiver for the North Shore Railroad Company after a verdict had been rendered against the defendant in quo warranto proceedings challenging the propriety of the granting of the charter of defendant corporation.

The petition of the North Shore Railroad, by its president, alleged in part, that "your petitioner further showeth that no judgment has ever been taken on the verdict of the jury, and that the order appointing Henry Cook receiver was made without notice of any kind to your petitioner and without any application for the appointment of a receiver, so far as your petitioner is advised, and without notice to any of the creditors of the North Shore Railroad Company. Your petitioner further showeth that the said Henry Cook is not a disinterested person and would not be a disinterested receiver, and that he ought not to be appointed receiver of the North Shore Railroad Company by reason of his friendship to the Pennsylvania Company which is opposing and has heretofore opposed the interests of the North Shore Railroad Company, in that it has undertaken to acquire the property of the North Shore Railroad Company, and, in that there are now pending three cases in behalf of the North Shore Railroad Company against the Pennsylvania Company and the Pittsburgh, Fort Wayne & Chicago Railway Company, operated by the Pennsylvania Company, and that there is also one judgment recovered by the North Shore Railroad Company against the Pittsburgh, Fort Wayne & Chicago Railway Company in which W. A. McConnel, who was the attorney for the plaintiff in this proceeding, was attorney for the Pennsylvania Company and the Pittsburgh, Fort Wayne & Chicago Railway Company, the said W. A. McConnel being attorney in the three suits now pending."

The court below, EMERY, P. J., filed the following opinion:

An appeal from the judgment and decree in this case

was taken to the Supreme Court, and on May 15, 1917, it was ordered that the record be remitted to the court below with direction that it assign its reason for revoking the appointment of Henry E. Cook, receiver, and appointing in his stead Richard S. Holt, the record to be returned within ten days. This order, along with the record, was received by the prothonotary of Lawrence County May 24, 1917, and until that date this court had no knowledge of it.

In compliance with the above order, I assign the following reasons as matters of fact that induced the revocation of the appointment of Henry E. Cook:

First. This case was tried before Hon. W. E. PORTER, P. J., and the testimony, exhibits and charges of the court cover five hundred and twenty typewritten pages. This testimony shows at length continuous litigation between the North Shore Railroad Company and the Pennsylvania Company and Pittsburgh, Fort Wayne & Chicago Railway Company, operated by the Pennsylvania Company. It also shows at least three suits pending at the time of the making of the order in which the North Shore Railroad Company was seeking to recover damages from the Pennsylvania Company and companies controlled and operated by it. In these cases, William A. McConnel, Esq., one of the attorneys for the plaintiff in this case was, and is attorney for the Pennsylvania Company, and the companies controlled by it, in the suits pending in which the North Shore Railroad Company is plaintiff.

Second. The decree of January 1, 1916, by which the appointment of Henry E. Cook was made, was entered without application for the appointment of a receiver and without notice to the North Shore Railroad Company, its stockholders or creditors.

Third. Henry E. Cook had not qualified as receiver at the time of entering the decree revoking his appointment.

Fourth. On January 10, 1916, a petition was presented by the North Shore Railroad Company averring that

Henry E. Cook was not a disinterested person and would not be a disinterested receiver by reason of his friendship for the Pennsylvania Company. This petition recited that there were three several cases pending in which the North Shore Railroad Company was plaintiff and that there was one judgment recovered by the North Shore Railroad Company against the Pittsburgh, Fort Wayne & Chicago Railway Company in which W. A. McConnel, attorney for plaintiff in this proceeding, was attorney for the Pittsburgh, Fort Wayne & Chicago Railway Company, and that he was also attorney for the defendant in the cases pending, and praying for the revocation of the appointment of Henry E. Cook. On this petition, a rule to show cause was granted, returnable January 17, 1916, at 9 o'clock, and issue and service of this rule was waived by attorneys for plaintiff. To this rule, an answer was filed by William A. McConnel, one of the attorneys. The cause came on for argument June 13, 1916.

Fifth. At the argument of this case, a petition was presented by divers creditors and stockholders of the North Shore Railroad Company recommending the appointment of Hon. Richard S. Holt as receiver of the North Shore Railroad Company.

Sixth. From the record in the case and from the statements of counsel made at the argument, the court found, and I now find, as matter of fact, that W. A. McConnel, Esq., was attorney for the plaintiff in this proceeding and was also attorney for the Pennsylvania Company and the companies controlled or operated by it in the several suits pending in which the North Shore Railroad Company was plaintiff and the Pennsylvania Company and the Pittsburgh, Fort Wayne & Chicago Railway Company, operated by the Pennsylvania Company were defendants; that one judgment had been recovered by the North Shore Railroad Company against the Pittsburgh, Fort Wayne & Chicago Railway Company, and that W. A. McConnel was attorney for the defendant in that proceeding; that the appointment of Henry E. Cook

was made without any application for the appointment
of a receiver, and without notice to the defendant, its
stockholders or creditors, and that the name of Henry E.
Cook, as receiver, was suggested to the court by one of
the attorneys for the plaintiff; that Henry E. Cook was
not entirely disinterested, and was specially friendly to
the Pennsylvania Company; that the Pennsylvania Com-
pany was specially interested in acquiring the property
or part of the property, of the North Shore Railroad
Company; that the friendship existing between Henry
E. Cook and the Pennsylvania Company, and its attor-
ney, was such as to raise a grave doubt as to the disin-
terestedness of Henry E. Cook were he to continue as re-
ceiver, and I did not deem it advisable under the facts as
they appeared, to continue him in the office of receiver.
I further found, and now find that Henry E. Cook had
not qualified and had done nothing as receiver, or by
virtue of the appointment.

Seventh. I found, and now find that Hon. Richard S.
Holt had served a term as President Judge of the Thirty-
sixth Judicial District; that he is an able and reputable
lawyer, familiar with business propositions, and without
interest in, or special friendly relations towards any of
the parties interested in the proceedings, or in the wind-
ing up of the affairs of the North Shore Railroad Com-
pany.

Eighth. I found, and now find that Hon. Richard S.
Holt is eminently qualified for position as receiver, and
that the affairs of the company, if administered by Henry
E. Cook, as receiver, would probably at all times be open
to criticism.

Upon the above facts, I deemed it, and now believe it
to have been the duty of the court to revoke the appoint-
ment of Henry E. Cook, and made the appointment of
Hon. Richard S. Holt because I found him to be a person
well qualified for the position of receiver.

The court vacated the appointment of Henry E. Cook
as receiver of the petitioner and appointed Richard S,

Holt in his place.    The Commonwealth of Pennsylvania appealed.

*Error assigned* was the order revoking the appointment.

*Robert K. Aiken* and *W. A. McConnel,* for appellant.

*J. Norman Martin,* of *Martin & Martin,* for appellee.

PER CURIAM, June 30, 1917:

The reasons given by the learned court below for vacating the appointment of Henry E. Cook, as receiver, and appointing in his stead Richard S. Holt, are good and sufficient.

Appeal dismissed at appellant's costs.